IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**SHERRY LEE GREENE,**

    **Plaintiff,**

v.                                                              **Civil Action No. 2:18-cv-00545**

**ANDREW SAUL,**[1]
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9) and Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint[2] (ECF No. 10). This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

### Background

Claimant, Sherry Lee Greene, filed applications for DIB and SSI on July 29, 2013. Claimant alleged disability beginning July 7, 2011. The claims were denied initially on April 21, 2014, and upon reconsideration on September 30, 2014. Claimant filed a request for hearing on October 6, 2014. On June 28, 2016, an Administrative Law Judge (ALJ) presided over a video

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (stating action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] Defendant's Motion to Dismiss requests this Court dismiss Claimant's complaint "for failing to comply with this Court's rules and to prosecute this civil action" (ECF No. 9). Defendant asserts that pursuant to Local Rule of Civil Procedure 9.4(a), Claimant was required to file and serve a brief in support of her complaint. (*Id.*) Defendant did not cite any cases to support its position.

hearing. The ALJ continued the hearing to obtain interrogatories from a medical expert, Subramaniam Krishnamurthi, M.D. As a result, supplemental questions were submitted to the Vocational Expert (VE) via interrogatories. Claimant objected to the opinion of Dr. Krishnamurthi provided in the Response to Medical Interrogatories (Tr. at 502-503). Claimant additionally objected to the opinion of the VE because it relied upon Dr. Krishnamurthi's responses to the interrogatories. (*Id.*) Claimant requested a supplemental hearing to have the opportunity to question Dr. Krishnamurthi and the VE concerning their opinions and responses to the interrogatories. Claimant submitted additional evidence that was entered into the record and considered by the ALJ in making his determination. The supplemental video hearing was held on March 7, 2017. Claimant appeared in Charleston, West Virginia, and the ALJ presided over the video hearing from Topeka, KS. The ALJ denied Claimant's applications on April 14, 2017. Claimant requested the Appeals Council review the ALJ's decision. The Appeals Council denied Claimant's request for review on February 3, 2018 (Tr. at 1-6). Subsequently, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520 and 416.920 (2018). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a) and 416.920(a). The first

inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b) and 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c) and 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d) and 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e) and 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-869 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f) and 416.920(f) (2018). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since July 7, 2011. Claimant meets the insured status requirements through March 31, 2013 (Tr. at 14). Under the second inquiry, the ALJ found that Claimant suffers from the medically determinable impairments: degenerative disc disease of the lumbar spine with disc herniation at L3-4; spondylosis of the cervical spine; bilateral planter fasciitis; fibromyalgia; obesity; trochanteric bursitis; mixed connective tissue disorder; mild asthma; and small fiber neuropathy (Tr. at 14-15). However, under the third inquiry the ALJ found

that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. at 17). At the fourth inquiry, the ALJ found that Claimant has the residual functional capacity (RFC) to perform work at the sedentary exertional level, with the following additional non-exertional limitations: she can sit for 2 hours at a time, for a total of 6 hours in an 8-hour day; she can stand for 10 to 30 minutes at a time for a total of 1 hour in an 8-hour day; she can walk for 10 to 30 minutes at a time for a total of 1 hour in an 8-hour workday; she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can frequently reach in all directions, including overhead, with the bilateral upper extremities; she can frequently handle, finger and feel with the bilateral upper extremities; she can only frequently push or pull with the right upper extremity; she can frequently operate foot controls bilaterally; she can occasionally climb ramps and stairs, ,but never climb ladders, ropes or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she can tolerate frequent exposure to extreme cold, extreme heat, wetness, humidity, vibration, pulmonary irritants such as fumes, odors, dusts, gases and poorly ventilated areas, and hazards- including the use of moving machinery and exposure to unprotected heights; and she can frequently operate a motor vehicle (Tr. at 19-20). The ALJ found that Claimant can perform jobs in the national economy such as order clerk, document preparer and administrative support worker (Tr. at 28-29). Accordingly, the ALJ denied Claimant's applications for DIB and SSI (Tr. at 29).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a

>preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

### Claimant's Background

Claimant was born on April 19, 1972, and was 39 years old on the alleged disability onset date. She lives with her 15 year old son (Tr. at 393). Claimant has her driver's license and drives short distances (Tr. at 395). Claimant has a high school education (Tr. at 28).

### The Medical Record

The medical record has been adopted, as set out in the ALJ's decision, because neither Claimant nor Defendant filed pleadings to the District Court containing any objections to the ALJ's findings. Only the medical record relevant to Claimant's assertions in her letter to the Appeals Council on July 18, 2017, will be specifically addressed.

### Claimant's Challenges to the Commissioner's Decision

On March 10, 2017, Claimant filed a post-hearing memorandum to the ALJ (Tr. at 509-511). After the ALJ denied Claimant's applications, Claimant sent a letter requesting an appeal of the ALJ's decision to the Appeals Council (AC) dated July 18, 2017 (Tr. at 512-516). As Claimant did not submit a memorandum with this Court outlining specific challenges to the ALJ's decision

5

adopted by Defendant, the undersigned will address Claimant's challenges reflected in the post-hearing memorandum and the appeal to the AC.

Claimant asserts that "The ALJ erred in determining the claimant's [residual functional capacity assessment] RFC by adopting the opinion of a non-examining medical consultant that is inconsistent with the record as a whole" (Tr. at 512). Claimant argues that "The ALJ erred in improperly discrediting the claimant's complaints of pain" (Tr. at 513). Claimant asserts that "The ALJ's hypothetical question was not supported by the medical record as a whole" (Tr. at 514). Additionally, Claimant asserts that "The ALJ erred by not consulting a medical expert who specialized in the filed of the claimant's impairment." (*Id.*)

Defendant filed a Motion to Dismiss Plaintiff's Complaint stating that Claimant failed to prosecute (ECF No. 9). Local Rule of Civil Procedure for the Southern District of West Virginia 9.4(a) directs the claimant to file a brief in support of the complaint no later than 30 days following the service of the administrative record. That filing triggers Defendant's response, which is due no later than 30 days thereafter. Claimant did not file a brief in support of her complaint and commenced with the present action *pro se*.[3]

## Discussion

The Social Security Act defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 04.1505(a); *see Heckler v. Campbell*, 461 U.S. 458, 459-60 (1983); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("[An impairment] is not necessarily disabling. There must be a showing of related functional loss."). The responsibility for determining whether Claimant is disabled resides with the Commissioner. 20 C.F.R. § 404.1527(e)(1). To be eligible for disability

---

[3] Claimant is directed in future matters to comply with the requirements of the Local Rules of Civil Procedure.

benefits, Claimant bears the burden of showing not only that she has a medically determinable impairment, but that it is so severe that it prevents her from engaging in her past relevant work or any other substantial gainful activity that exists in the national economy for a 12-month period. 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).

<u>Weight Afforded Medical Opinions</u>

Because the present claims were filed before March 27, 2017,[4] the standards for evaluating medical opinion evidence set forth in 20 C.F.R. § 404.1527 apply. That regulation defines "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *See* 20 C.F.R. § 404.1527(a)(1). For purposes of the regulation, an "acceptable medical source" includes a licensed physician or psychologist. *Id.* § 404.1502(a). The regulation provides that the ALJ "will evaluate every medical opinion" presented to him, "[r]egardless of its source." *Id.* § 404.1527(c). Generally, however, more weight is given "to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you." *Id.* § 404.1527(c)(1).

Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact and resolve conflicts of evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1994).

After the initial hearing, the ALJ submitted interrogatories to non-examining medical consultant Subramaniam Krishnamurthi, M.D. Following the receipt of Dr. Krishnamurthi's

---

[4] For claims filed on or after March 27, 2017, the rules in §§ 404.1520c, 416.920c apply.

interrogatory responses,[5] a supplemental hearing was held where Dr. Krishnamurthi testified. In determining Claimant's RFC in the decision, the ALJ gave Dr. Krishnamurthi's opinion great weight (Tr. at 27).

Claimant asserts that Dr. Krishnamurthi did not consider all of Claimant's impairments[6] (Tr. at 512). However, Claimant's Disability Report from June 2013 only listed "Problems with both arms torn muscle in right arm" as the medical conditions that limit her ability to work (Tr. at 367). In the interrogatories submitted to Dr. Krishnamurthi, the ALJ asked him to specify Claimant's impairments established by the evidence. Dr. Krishnamurthi's answer listed the following impairments: hypertension, hypothyroidism, fibromyalgia, degenerative disc disease of the lumbar spine and degenerative disc disease of the cervical spine. Claimant asserts that the ALJ found Claimant to have the following severe impairments: degenerative disc disease of the lumbar spine with disc herniation at L3-4; spondylosis of the cervical spine; bilateral plantar fasciitis, fibromyalgia; trochanteric bursitis; mixed connective tissue disorder; mild asthma; and small fiber neuropathy. Therefore, Claimant argues that because Dr. Krishnamurthi failed to consider all of claimant's medically determinable impairments, his opinion is inconsistent with the record as a whole (Tr. at 513). Claimant avers that the ALJ adopted the opinion of Dr. Krishnamurthi in establishing her RFC, however, Dr. Krishnamurthi did not consider Claimant's impairments of

---

[5] Dr. Krishnamurthi completed the interrogatories on July 11, 2016.

[6] On approximately June 15, 2018, Claimant filed a Pre-Hearing Memorandum in Support of a Fully Favorable Determination asserting that she had the following impairments: (1) Fibromyalgia; (2) Osteoarthritis; (3) Hereditary and Idiopathic Neuropathy; (4) Small Fiber Neuropathy; (5) COPD; (6) Lumbar Disc Herniation; (7) Lumbar Spondylosis with Sciatica; (8) Trochanteric bursitis; (9) Angina Pectoris; (10) Coronary atherosclerosis; (11) Hypertension; (12) Hyperlipidemia; (13) Planter Fasciitis; (14) Chronic Foot Pain with Calcaneal Spur; (15) Intervertebral Disc Disorder with Myelopathy; (16) Cervical Spondylosis; (17) Cervical Radiculopathy; (18) Hypothyroidism, Hashimoto's Disease; (19) History of Brachialis Sprain and Tear, Right Arm; (20) Mixed Connective Tissue Disorder; (21) Muscle Weakness; (22) Other Chronic Pain; (23) Disturbance of Skin Sensation; (24) Hip Pain; (25) Bilateral Arm Pain; (26) Degenerative Joint Disease; (27) Generalized Anxiety Disorder; (28) Depression; (29) Insomnia; (30) Compression Neuropathy; and (31) Arm Paresthesia (Tr. at 465).

small fiber neuropathy, mixed connective tissue disorder or "several other impairments in his opinion at the Supplemental Hearing." (*Id.*)

The ALJ stated that Dr. Krishnamurthi completed the interrogatories and additionally testified as a medical expert at the hearing on March 7, 2017 (Tr. at 26). The ALJ stated that "The undersigned orally advised Dr. Krishnamurthi of evidence submitted immediately prior to the hearing, as agreed by the claimant, as there was insufficient time to provide him with hard copies" (Tr. at 26-27). The ALJ reasoned that he gave Dr. Krishnamurthi's opinion great weight because "it is consistent with the record as a whole and Dr. Krishnamurthi cited to evidence from the record to support his opinion" (Tr. at 27).

When questioned about small fiber neuropathy, Dr. Krishnamurthi testified that he had treated patients with neuropathy before, although not specifically small fiber neuropathy. Dr. Krishnamurthi testified that he did not find neuropathy to be a significant finding in the records and that Claimant's condition did not warrant greater restrictions. To support his position, Dr. Krishnamurthi cited office treatment notes by Neurologist Georgianna Richards, M.D., pointing out that Dr. Richards did not recommend any limits to Claimant's activities. The ALJ found that Dr. Krishnamurthi's testimony was supported by and wholly consistent with the overall treatment record and Claimant's severe impairments (Tr. at 27).

Although Claimant asserts that the ALJ's RFC is not based upon all of her impairments because small fiber neuropathy was not considered by Dr. Krishnamurthi, the ALJ pointed out that Claimant failed to set forth signs, symptoms or limitations due to small fiber neuropathy that was "in excess of or requiring greater limitations than those recommended by Dr. Krishnamurthi." (*Id.*) Dr. Krishnamurthi functionally limited Claimant to occasionally lift and carry 20 pounds a day and frequently lift and carry up to 10 pounds a day. Claimant could sit for two hours at a time for

a total of six hours in an eight hour day; stand for 10 to 30 minutes at a time for a total of one hour in an eight hour day; and walk for 10 to 30 minutes at a time for a total of one hour in an eight hour day. Dr. Krishnamurthi limited Claimant to frequent manipulative activities and frequent operation of foot controls. Claimant was limited to never climbing ladders, ropes or scaffolds but could perform all other postural activities occasionally. (*Id.*)

The ALJ stated that "All of the evidence that the claimant discussed in the brief was presented to and covered by Dr. Krishnamurthi in his analysis and conclusions." (*Id.*) The ALJ held that there was no evidence that would controvert Dr. Krishnamurthi's finding and analysis, change the RFC that he recommended, or require review by another expert. "In fact, the claimant's own reports to treating providers of her activities of daily living as documented throughout the treatment record, is compatible with the RFC as set forth herein." (*Id.*) Furthermore, Claimant has not asserted specifically how the RFC is insufficient and what limitations should have been included.

Claimant objects to Dr. Krishnamurthi's opinion and asserts that a Neurologist should have been consulted given Dr. Krishnamurthi's inexperience with small fiber neuropathy (Tr. at 515). The ALJ's determination is based on more than just Dr. Krishnamurthi's opinion. The ALJ's RFC assessment is supported by medical evidence in the record, Claimant's reports to providers that she was able to perform activities of daily living and Dr. Krishnamurthi's opinion which is based on his comprehensive analysis of the medical evidence, consistent with his RFC assessment.

Pain

The factors an ALJ considers in making a determination regarding Claimant's alleged pain is set forth in 20 CFR §§ 404.1529(c)(3) and 416.929(c)(3). 20 CFR §§ 404.1529(c)(3) states:

> (c) *Consideration of other evidence.* Because symptoms sometimes suggest a greater severity of impairment than can be

>shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms. The information that your medical sources or nonmedical sources provide about your pain or other symptoms (e.g., what may precipitate or aggravate your symptoms, what medications, treatments or other methods you use to alleviate them, and how the symptoms may affect your pattern of daily living) is also an important indicator of the intensity and persistence of your symptoms. Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions that your medical sources or nonmedical sources report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled. We will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons. Section 404.1520c explains in detail how we consider medical opinions and prior administrative medical findings about the nature and severity of your impairment(s) and any related symptoms, such as pain. Factors relevant to your symptoms, such as pain, which we will consider include:
>> (i) Your daily activities;
>> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>> (iii) Precipitating and aggravating factors;
>> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

Claimant argues that the ALJ failed to consider necessary factors, such as Claimant's statements, in evaluating Claimant's complaints of chronic pain (Tr. at 513). Claimant asserts that

11

her "complaints of chronic pain are consistent throughout the medical evidence of record." (*Id.*) Claimant argues that the ALJ did not explain what consideration he gave her complaints of daily pain in the RFC assessment (Tr. at 514).

The ALJ discussed the pain Claimant experienced in her neck, shoulder, back, hips and foot (Tr. at 20-21). The ALJ referenced Claimant's pain throughout her testimony. (*Id.*) For example, he stated that "At the initial hearing, she stated she was not able to bear weight on her right foot and she was prescribed a boot to wear the day prior to the hearing… [Claimant] testified that she did not use any assistive devices to ambulate because they hurt her arms… She stated that she is stiff in the morning and this takes an hour to resolve, but she hurts throughout the day." (*Id.*) Further, the ALJ discussed Claimant's testimony on her functional limitations in daily living (Tr. at 21).

The ALJ considered the necessary factors, including Claimant's statements, in evaluating Claimant's complaints of pain. Additionally, the ALJ explained what consideration he gave Claimant's complaints of pain in the RFC assessment. The ALJ held:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. (*Id.*)

The ALJ extensively discussed the medical records and Claimant's complaints and statements made at her appointments. The ALJ held:

> The objecting findings… are sufficient to establish a loose nexus between the claimant's allegations of pain and the record as a whole. However, the clinical signs and findings on examination have been remarkably normal without any evidence of persistent gait disturbance, sensory loss or reflex loss.
> …

> [C]laimant remains independent with her activities of daily living. Additionally, as noted throughout this decisions, the record suggests that the claimant's impairments are well compensated by her medication regimen.  At the hearing, she testified that her medications make her tired, but she generally denied side effects and there is no evidence to support her testimony of adverse side effects. An additional inconsistency in the record is that the claimant testified that she is using supplemental oxygen at night. Again, there is no evidence of this and it is noted that she does not require oxygen during the day – thus this would not result in significant work related limitations regardless.  The claimant has engaged in only minimal and conservative treatment for her alleged impairments, including a brief course of physical therapy… In summary – the claimant's subjected allegations are not consistent with the record as a whole (Tr. at 25).

## Vocational Expert

Claimant asserts that the ALJ's hypothetical question to the vocational expert (VE) at the hearing was not supported by the medical record as a whole (Tr. at 514).  Claimant argues that "[T]he ALJ did not consider that the claimant would have time off task during a regular workday due to symptoms of her various impairments.  The ALJ completely disregarded the claimant's complaints of pain." (*Id.*)

The ALJ asked the VE whether jobs exist in the national economy for an individual with Claimant's age, education, work experience and RFC.  The VE testified that given all of these factors, the individual would be able to perform the requirements of representative occupations such as order clerk, food and beverage and document preparer.  The ALJ stated that he considered the VE's testimony (Tr. at 29).  The VE testified that although the Dictionary of Occupational Titles does not address a sit/stand alternation, the jobs identified could be performed alternating as needed and were generally performed from a seated position.  (*Id.*)  Based on the VE's testimony, the ALJ determined that the Claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

Accordingly, the ALJ's hypothetical question to the VE is supported by the medical record as a whole. The ALJ considered Claimant's limitations and allegations of pain in making the determination that Claimant perform work at the sedentary level.

### Consulting Medical Expert

Claimant disagrees with Dr. Krishnamurthi's opinion and asserts that a Neurologist should have been consulted given Dr. Krishnamurthi's inexperience with the condition small fiber neuropathy (Tr. at 515). Claimant asserts that a Neurologist's opinion would be more appropriate for assessing the effects of this impairment. (*Id.*) As discussed supra, the ALJ determined Claimant failed "to set forth signs, symptoms or limitations due to small fiber neuropathy in excess of requiring greater limitations than those recommended by Dr. Krishnamurthi at [the] hearing" (Tr. at 27). The ALJ found that there was no evidence that would controvert Dr. Krishnamurthi's finding and analysis, change the RFC he recommended or require review by another expert. (*Id.*) The ALJ held that none of the treating physicians recommended any functional limitations greater than the ones recommended by Dr. Krishnamurthi. Additionally, the ALJ stated that Claimant's own reports of activities of daily living to her treating physicians are compatible with the RFC determined by the ALJ. Accordingly, the ALJ's determination and RFC assessment of Claimant is supported by substantial evidence of the record.

### Conclusion

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge AFFIRM the final decision of the Commissioner, GRANT Judgment in favor of the Defendant, DENY Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9) and DISMISS this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED and a copy will be submitted to the Honorable Judge Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record and via United Sates mail to pro se plaintiff as follows:

>   Sherry Lee Greene
>   P. O. Box 54
>   Mt. Hope, West Virginia 25880

Date: July 9, 2019

Dwane L. Tinsley
United States Magistrate Judge